IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JASON W. TURLEY,<br><br>Plaintiff,<br><br>vs.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | ORDER AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:08-cv-958 |

Defendant Allstate Insurance Company (Allstate) has moved *in limine* for an order to prevent Plaintiff Jason W. Turley from introducing any evidence regarding lost profits or income allegedly suffered by Mr. Turley as a result of Allstate's decision not to approve his purchase of an Allstate book of business in Tucson. Allstate also wishes to exclude certain tax returns and a financial statement. (Dkt. No. 59.) Allstate claims that the testimony of witnesses Wayne Turley (Plaintiff's father) and Kristian Gose concerning the income generated by the Tucson Agency requires "scientific, technical, or other specialized knowledge" and is therefore inadmissible as lay witness testimony under Rule 701 of the Federal Rules of Evidence. Because the court disagrees with Allstate's characterization of this witness testimony, and for the reasons set forth below, the court DENIES Allstate's motion to exclude the testimony on lost income and profits, but GRANTS Allstate's motion to exclude the tax returns and financial statement.

ANALYSIS

The Tenth Circuit has held that "a person may testify as a lay witness only if his opinions or inferences do not require any specialized knowledge and could be reached by any ordinary

person." Lifewise Master Funding v. Telebank, 374 F.3d 917, 929 (10th Cir. 2004) (citation omitted). As a result, Mr. Turley and Mr. Gose may not testify as to complex methods of valuation. Their testimony must be based on their "personal knowledge and . . . experience." Id. at 930. For instance, the Tenth Circuit has agreed that the president of a company may, as a lay witness, give a "straightforward opinion as to lost profits using conventional methods based on [the company's] actual operating history." Id. And the Tenth Circuit has cited with approval a line of cases that holds that a business owner's testimony concerning the value of the business is admissible where the owner has "sufficient personal knowledge of [her] respective business[] and of the factors on which [she] relied to estimate lost profits", see, e.g., Malloy v. Monahan, 73 F.3d 1012, 1015-16 (10th Cir. 1996); Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1174-75 (3d Cir. 1993), or where the owner offers a valuation "based on straightforward common sense calculations", see, e.g., State Office Sys., Inc. v. Olivetti Corp. Of Am., 762 F.2d 843, 847 (10th Cir. 1985); Teen-Ed, Inc. v. Kimball Int'l, Inc., 620 F.2d 399, 402-03 (3d Cir. 1980).

The Tenth Circuit's holding in James River Insurance Co. v. Rapid Funding, LLC, 658 F.3d 1207 (10th Cir. 2011), does not alter the court's analysis. In James River, the Tenth Circuit held that the testimony of the principal of a real estate investment company about the value of an apartment complex was inadmissible under Rule 701 as lay opinion. But the court based its ruling on multiple factors, including the technical knowledge needed to differentiate between different types of depreciation, the reliance of the principal on a technical report by an outside expert, and a number of cases that generally consider landowner testimony about land value to be expert opinion.

If the testimony of Mr. Turley and Mr. Gose is (a) rationally based on their perceptions as

owners and operators of the Tucson Agency; (b) helpful to a determination of a fact in issue (the question of damages); and (c) not based on scientific, technical, or other specialized knowledge, then this testimony will be admitted under Rule 701.

Allstate also argues that, because Mr. Turley proposed to have Richard Mahoney testify regarding these issues as an expert witness, Mr. Mahnoey's subsequent withdrawal bars Mr. Turley from addressing these issues through other witnesses. The court finds that Mr. Turley has not waived his right to address these questions. The parties do not dispute that Mr. Turley properly identified the two witnesses in his initial disclosures. Rather, Allstate argues that Mr. Turley did not give Allstate proper notice of the subject of these witnesses' testimony. But Allstate was aware of the nature of Mr. Turley's claim and knew that both witnesses had knowledge concerning the ownership and operation of the Tucson Agency. It was Allstate's choice not to depose these two witnesses about the issue of lost profits, and their testimony should not be excluded as a result.

Because Mr. Turley has not objected to the second part of Allstate's motion—namely, to exclude certain unsigned tax returns and a financial statement—, the court GRANTS this part of Defendant's motion.

ORDER

For the reasons discussed above, Defendant's motion *in limine* (Dkt. No. 59) is DENIED IN PART and GRANTED IN PART. Defendant's motion to exclude certain testimony concerning lost income and profits is DENIED, but Defendant's motion to exclude unsigned tax returns and a financial statement is GRANTED.

SO ORDERED this 23rd day of April, 2012.

                                              BY THE COURT:

                                              _____
                                              TENA CAMPBELL
                                              United States District Judge